RABIN NABIZADEH, SBN 235978
SUMMIT DEFENSE
1970 Broadway Suite 1145
Oakland, California 94612
Tel: 510-735-6544
Email: rabin@summitdefense.com

Attorney for
WEIQIN XU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>WEIQIN XU,<br><br>    Defendant. | Case No. CR25-00259 WHO<br><br>**DEFENDANT'S REPONSE TO GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF UNITED STATES MOTION FOR DETENTION** |

I.      SYNOPSIS

On August 29, 2025 the Government filed Memorandum in Support of Detention after seeking a detention hearing in this matter.

On September 2, Defendant filed motion for immediate release with conditions arguing that this matter falls outside the scope of 18 U.S.C § 3142(f) and that, therefore, it was unlawful to hold a detention hearing. Specifically, Defendant argues that the Government alleged only a "risk of flight" that is common to all criminal defendants as opposed to "extreme and unusual risk

of willfully fleeing the jurisdiction if released." The Government's initial Memorandum makes no mention of the applicable staturory "extreme risk of flight standard for Detention Hearings. Further, the only factual allegations supporting detention as it relates to Mr. Xu are:

> "Mr. Xu is A Chinese national who entered the United States in 2021 and is believed to have lived in the United States since that time. He is a lawful permanent resident and has a spouse and children who were living with him at his residence in San Francisco when he was arrested yesterday. It is unclear whether his spouse is willing to be surety and/or custodian. Regardless, Mr. Xu's activities in furtherance of the charged offenses, in which he persisted despite being arrested and held in Texas for engaging in these offenses, is troubling. It does not appear that he can be deterred through conditions of release, and thus detention is appropriate"

On September 5, 2025 the Government filed a Supplemental Memorandum which apparently aims at answering the court's question to wit "whether the government's proffer of Defendant's continued misconduct, after being release on bail by the court in Collin County, Texas can be considered by this Court in assessing flight risk. The answer to this question is a resounding "NO".

## II. THE DETENTION HEARING IS UNLAWFUL

As pointed out in Defendant's initial Motion for Immediate Release, Defendant is not charged with a §3142(f) offense, the government MUST enumerate reasons that suggest that Mr. Xu poses a "serious risk" of flight to authorize continued detention.

The government points to four factors enumerated by the Court in United States v. *Figueroa Alvarez*, 681 F. Supp. 3d, to determine whether a particular defendant poses a serious risk of flight and a Detention Hearing is, therefore, lawful. The four factors listed by the Government are:

1. Incentives to Flee. Including weight of the evidence and potential punishment

2. Ability to flee – i.e. defendant's access to resources that would enable flight

3. Ties to the jurisdiction and the United States including family ties, community ties, employment and income.

4. Reliability and trustworthiness of the defendant including any illegal reentry after removal, prior violation of terms of supervised release, probation, priors failures to appear and substance abuse.

The government appears to equate the allegations that Mr. Xu committed this offense while on bail qualifies as "Prior violation of terms of supervised release". That is, the *Figueroa* court appears focused on factors that suggest that Defendants will not appear in court as opposed to factors that suggest future recidivism. This conclusion is not warranted as it appears that the court's indication was for release by the court with certain terms focusing, in this instance on specific conditions set by the court itself. It is clear this is the not case presented here. Mr. Xu is out on bail, not a subject of supervised release or any conditions imposed directly by a judge. If the court wanted to include commission of new offense while on bail, it could have easily done so.

It is crucial to note that the Figueroa court assigns importance to each of the factors listing "Ties to the Community as the most important:

> "Arguably most significant in the "serious risk of flight" calculus - as distinguished from the "risk of non-appearance" calculus - is consideration of the alien defendant's ties to the jurisdiction and the United States relative to his or her foreign ties."

The government seems to believe the mere mention of one sub type of the final factor to wit: Prior violation of terms of supervised release" warrants a detention hearing. Instead, the government must make a prima facie case by a proffer of FACTS that would lead a court to conclude that the totality of circumstances leads to a "serious risk of flight" and therefore triggers the need for detention hearing. A mention of one subfactor can not, on its own merit a detention hearing.

It is unfortunate that at this point, the legality of the Detention Hearing is moot. Mr. Xu has obviously remained in custody pending this hearing.

**III. EVEN IF THE DETENTION HEARING IS LAWFUL, THE COURT SHOULD NOT DETAIN MR. XU.**

The factors listed in the Figeroa court are not weighed equally. In fact, the court painstakingly mentions the factors it believes to be more important in this analysis. Regardless, as the court proceeds to analyze the specific facts in this case, it is clear that a decision to detain Mr. Xu is not proper.

1. <u>Incentives to Flee</u>

    a. <u>Weight of the Evidence</u>

As the Figuroa court points out: "Under the Act, the weight of the evidence is the least persuasive factor. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985) (citing *United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972)). That is because any consideration of the weight of the evidence must acknowledge the defendant's pretrial presumption of innocence."

    b. <u>Potential Punishment</u>

Though Defendant faces a significant sentence, there is absolutely no indication that he faces a twenty year sentence as the Government argues. In fact, it appear clear that, compared to other offenses in this class, Mr. Xu is facing a much shorter sentence. This is Mr. Xu first offense and frankly speaking the amount of loss is minimal and any sentencing guideline calculation would make the twenty year maximum sentence not relevant.

2. <u>Ability to Flee</u>

Mr. Xu's passport has been taken by the Texas Authorities. This GREATLY hinders his ability to flee. He is also a man of modest means.

3. <u>Ties to the Jurisdiction and the United States</u>

As briefly detailed by the Government, Mr. Xu is a lawful alien who has lived in the United States since 2021. He lives in San Francisco with his wife and two children aged 7 and 5. As is common with immigrant defendants his primary concern is staying in the United States. While

this analysis presumes that immigrant defendants are more likely to flee, there is an absolute real life counterweight of millions of individuals fighting with their last gasp of air to stay in this country. Mr. Xu is one of these individuals.

This is highlighted by Mr. Xu two young children (aged 5 and 7) who have spent their entire lives in California and a wife who is unlikely to join her husband in China were he to retun to that country.

Further, Mr. Xu enjoys a wide ranging community of family and friends in the Bay Area.

a. <u>Length of Residence</u>

Mr. Xu has been in the United States since 2021.

b. <u>Family Ties</u>

As already stated, Mr. Xu's wife and two young children reside in San Francisco. He also has family in Los Angeles.

c. <u>Community Ties</u>

The following individuals constitute Mr. Xu's community in Califonria:

| Name: | Relationship |
|---|---|
| 1. Shuanger Wu | Wife |
| 2. Hannah Xu | Daughter |
| 3. Austin Xu | Son |
| 4. Changsen Hu | maternal aunt's husband |
| 5. Yuzhen Guan | maternal aunt |
| 6. Chun Liu Hu | Cousin |

-5-

|   |   |
|---|---|
| 7. Zhijun Su | Cousin's husband |
| 8. Lizhen Huang | Mother-in-law |
| 9. Xincai Wu | Father-in-law |
| 10. Linger Wu | Sister-in-law |
| 11. Deliang Chen | Brother-in-law |
| 12. Xiudan Chen | Brother-in-law's sister |
| 13. Huimin Qiu | Family Friend |
| 14. Meixiu Liang | Family Friend |

    d. <u>Employment and Income</u>

According to the pre sentence report, Mr. Xu earns about $8,000 per month working as an Uber Driver

5. <u>Reliability and Trustworthiness of the Defendant</u>

    a. <u>Multiple Illegal Reentries After Removal</u>

This not applicable here as Mr. Xu is not alleged to have ever illegally enter the county.

    b. <u>Prior Violations of Terms of Supervised Release, Probation or Parole</u>

The government is not alleging that Mr. Xu made premeditated, conscious choices to avoid supervision and contact with supervising authorities or that he failed to report to drug testing or other court orders. The Government is essentially arguing that this factor favoring release is satisfied by the fact that Mr. Xu was arrested in Texas for identical conduct and should be detained.

The Government's conclusion that the fact that Mr. Xu was on bail is somehow relevant to the determination of his risk of flight or, as is relevant here, an extreme and unusual risk of flight appears to misinterpret the precedent cited. A defendant's substance abuse, violation of parole conditions such as reporting, or remaining inside a jurisdiction suggest an individual incapable or unwilling to appear in court. This is the focus of this particular analysis and the crux of the matter.

c. <u>Prior Failures to Appear</u>

Mr. Xu has NO prior failures to appear.

d. <u>Substance Abuse</u>

Mr. Xu has no history of Substance Abuse.

**IV. PROPOSED CONDITIONS OF RELEASE**

Even if the Court finds some level of flight risk, such risk can be fully mitigated by reasonable and available conditions of release under § 3142(c). Mr. Xu is willing to submit to:

- **Home Detention with GPS Monitoring:** to ensure his location is continuously known.
- **Third-Party Custodian:** his spouse is willing to serve as custodian and report any violation of release conditions.
- **Travel Restrictions:** limited to the Northern District of California absent prior Court approval.
- **Surrender of Travel Documents:** passport already surrendered in Texas; no application for new travel documents.
- **Regular Pretrial Services Reporting:** weekly in-person or virtual check-ins.

These conditions collectively eliminate any meaningful risk of flight while respecting the presumption of release that governs pretrial proceedings under the Bail Reform Act.

**V. CONCLUSION**

The Government has not met its burden under § 3142(f) to justify either the detention hearing or pretrial detention. The record demonstrates that Mr. Xu's family and community ties are extensive, his ability to flee is severely constrained, and his incentives to remain and defend this case are strong. Immediate release on appropriate conditions is not only lawful but required under the Bail Reform Act.

Dated:  September 12, 2025                             Respectfully Submitted,

Rabin Nabizadeh
_____
Rabin Nabizadeh