UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:25-cr-00259 WHO |
| Plaintiff, | **DETENTION ORDER** |
| v. | |
| WEIQIN XU, | |
| Defendant. | |

On August 25, 2025, defendant Weiqin Xu was charged by Indictment [Dkt. No. 1 ] with: Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. § 1349 (Count 1); Mail Fraud, in violation of 18 U.S.C. § 1341 (Counts 2-6); Conspiracy to Traffic in Counterfeit Goods or Services, in violation of 18 U.S.C. § 2320(a) (Count 7); and Trafficking in Counterfeit Goods or Services, in violation of 18 U.S.C. § 2320(a)(1) (Counts 12-13).

This matter came before the Court for a detention hearing on August 29, 2025 and September 3, 2025, and the hearing was continued to September 17, 2025 because defendant Xu retained new counsel who was unavailable until that date. The defendant was initially represented by Karen McConville on August 28 and September 3, and then by Rabin Nabizadeh on September 17. Assistant United States Attorney Daniel Kassabian appeared for the government. The government moved for detention, and the defendant opposed. The parties submitted an initial round of briefing with argument and proffers. [Dkt. Nos. 11 & 26 ]. Pretrial Services prepared a Pre-Bail Report, dated September 3, 2025. In view of the Court's inquiry on September 3 about the government's ability to seek detention, the parties submitted an additional round of briefs with additional argument and proffers [Dkt. Nos. 26 & 35]. At the hearings, counsel submitted additional, oral proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds that a detention hearing is appropriate because the government made a

sufficient showing that there is a serious risk that defendant Xu will flee. *See* 18 U.S.C. § 3142(f)(2)(A). The Court further finds, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the appearance of the defendant Xu as required. *See* 18 U.S.C. § 3142(e)(1). Accordingly, defendant Xu must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearings and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion:

In deciding whether to hold a detention hearing because there is a serious risk that defendant Xu will flee, the Court finds persuasive the analysis in *United States v. Figueroa-Alvarez*, 681 F. Supp. 3d 1131 (D. Idaho 2023) that sets forth the following four factors: (1) incentives to flee; (2) ability to flee; (3) ties to the jurisdiction and the United States; and (4) reliability and trustworthiness of the defendant. *See generally id.* at 1136-45. The Court considers "these factors as part of the 'totality of the evidence.' [citation]. No one factor is dispositive." *Id*. at 1136. In deciding whether to detain the defendant after the detention hearing, the Court considers the following four factors to determine whether to detain pretrial: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986). The following facts are pertinent to the above-noted factors

In weighing the above-stated factors, the Court was persuaded that the government has demonstrated Mr. Xu's lack of reliability and trustworthiness -- defendant Xu has demonstrated by his misconduct shortly after being released by the Texas court on bond—i.e., defendant Xu continued to engage in the same type of misconduct by continuing to participate in the scheme alleged in the Indictment. That conduct demonstrates, by a preponderance of the evidence, that defendant Xu is unlikely to abide by conditions of pretrial release imposed by this Court.

Accordingly, pursuant to 18 U.S.C. § 3142(i), IT IS HEREBY ORDERED THAT:

1. Defendant Xu be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant Xu be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which efendant Xu is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: 9/22/2025

HON. ALEX G. TSE
United States Magistrate Judge